# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY WILLIAM VESEY,<br><br>Defendant. | Criminal No. 11-169 (JRT/LIB)<br><br>**MEMORANDUM OPINION AND ORDER DENYING PETITION TO VACATE OR SET ASIDE SENTENCE** |

Julie E. Allyn, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Jeffrey William Vesey, Reg. No. 15861-041, Federal Correctional Institution – Elkton, Post Office Box 10, Lisbon, OH 44432, *pro se*.

After pleading guilty to the crime of being a felon in possession of a firearm, defendant Jeffrey William Vesey is currently serving a fifty-two month sentence of imprisonment. Vesey brings a petition to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255, arguing that his conviction is invalid because he did not transport firearms in interstate commerce and because the State of Minnesota provided him with a hunting license despite his felon status. Because Vesey's arguments do not provide a basis for vacating or setting aside his sentence, the Court will deny his petition.

## BACKGROUND

On May 11, 2011, the United States charged Vesey with a single count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

(Indictment, May 11, 2011, Docket No. 1.) Vesey had previously been convicted of three felony offenses in Beltrami County, Minnesota. A search warrant was executed at Vesey's residence after authorities were notified that a photograph of Vesey holding a firearm had been posted online. Officers discovered ten firearms while searching Vesey's residence. Vesey told authorities that the ten firearms located in his home had been either received as gifts or inherited from relatives.

The Court accepted Vesey's plea of guilty to the charge on September 13, 2011. In his plea, Vesey admitted to knowingly and intentionally possessing at least seven firearms after being convicted of three felony offenses. Vesey also admitted that "[a]ll of these firearms were manufactured outside the State of Minnesota. Consequently, the firearms necessarily traveled in or affected interstate commerce to have been in Defendant's possession in Minnesota on August 17, 2010." In the plea agreement Vesey waived his right to appeal his sentence pursuant to 18 U.S.C. § 3742, unless the sentence imposed was above the applicable United States Sentencing Guidelines range.

On February 7, 2012, the Court sentenced Vesey to fifty-two months' imprisonment, which was below the United States Sentencing Guidelines' recommended range of seventy to eighty-seven months. (Sentencing J., Feb. 7, 2012, Docket No. 35.) Vesey did not file a direct appeal.

## ANALYSIS

In his Section 2255 motion Vesey argues that his conviction should be vacated because (1) he inherited the firearms he possessed for purposes of his conviction and therefore the firearms did not affect interstate commerce; and (2) the state of Minnesota

sold hunting licenses to him despite his felon status.  The Court concludes that Vesey's claims fail for two independent reasons.  First, the Court finds that Vesey's claims are procedurally barred.  Second, the Court finds that even if Vesey's claims were properly before the Court, his arguments fail to establish a basis to vacate his sentence.

**I.    PROCEDURAL BAR**

Section 2255 allows a federal prisoner a limited opportunity to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  Because "[a] section 2255 motion is not a substitute for a direct appeal . . . . a claim which could have been presented on direct appeal is not considered in a section 2255 proceeding absent a showing of cause for the failure to raise the issue and actual prejudice resulting from that failure."  *Boyer v. United States*, 988 F.2d 56, 57 (8th Cir. 1993).

A defendant who enters a valid guilty plea waives his right to challenge all non-jurisdictional defects related to his conviction.  *Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on a conviction unless on the face of the record the court had no power to enter the conviction or impose the

sentence." (internal quotation marks omitted)). However, to the extent that the arguments Vesey raises in his petition relate the validity of and factual basis for his guilty plea and the constitutionality of the statute under which he was convicted, the claims were not waived by his guilty plea and could have been presented on direct appeal.[1] *See United States v. Seay*, 620 F.3d 919, 921-22 (8th Cir. 2010) (reviewing on direct appeal defendant's facial challenge to the constitutionality of the statute that he pled guilty to violating); *United States v. Frook*, 616 F.3d 773, 775 (8th Cir. 2010) (reviewing on direct appeal defendant's challenge to the validity of his guilty plea premised on lack of a factual basis). Vesey has made no showing of cause for his failure to raise these arguments on appeal. Furthermore, as the Court will discuss below, the Court finds no substantive merit to the arguments. Therefore, Vesey cannot establish actual prejudice arising from his failure to raise the claims on direct appeal. Thus, the Court finds that Vesey's claims relating to the validity of his guilty plea or the constitutionality of the statute are procedurally barred because he failed to raise them on direct appeal.[2]

---

[1] Although Vesey waived his right to appeal his sentence, challenges to the validity of the guilty plea or the constitutionality of the statute fall outside the scope of the waiver and could have been presented on direct appeal. *See United States v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009) (explaining that appellate courts only enforce appeal waivers if "the appeal falls within the scope of the waiver").

[2] To the extent that Vesey's claims could be construed as relating to neither the validity of his guilty plea nor the constitutionality of the statute, such claims could not have been raised on direct appeal but also cannot be challenged in this § 2255 petition because they are non-jurisdictional defects. *See United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007) ("A valid guilty plea is an admission of guilt that waives all non-jurisdictional defects and defenses.").

## II. MERITS OF VESEY'S CLAIMS

Even if Vesey's arguments were not procedurally barred, the Court finds that they would fail on the merits.

### A. Interstate Commerce

Vesey's first claim is based upon the assertion that he inherited but never bought or sold the firearms in question. Vesey alleges that because the guns were inherited, they did not affect interstate commerce and cannot be the basis of a felon in possession conviction.

Title 18 U.S.C. § 922(g)(1) provides that it is unlawful for any person who has been convicted of a felony "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." The Supreme Court has held that to prove that a defendant possessed a firearm "in or affecting commerce" the Government need only prove "the minimal nexus that the firearm have been, at some time, in interstate commerce." *Scarborough v. United States*, 431 U.S. 563, 575 (1977) (construing 18 U.S.C. § 1202(a), the predecessor to 18 U.S.C. § 922(g)). Therefore, the fact that Vesey himself did not purchase or sell the firearms does not provide a basis to vacate his conviction. Instead, Vesey admitted in his plea agreement that he possessed the firearms and those firearms were manufactured outside of Minnesota. These facts are sufficient to support a conviction for being a felon in possession of a firearm. *See, e.g.*, *United States v. Leathers*, 354 F.3d 955, 959 (8th Cir. 2004) ("[I]nasmuch as [defendant]'s firearms and ammunition were produced out-of-state

and traveled to Missouri through interstate commerce, the jurisdictional requirement of § 922(g) is satisfied.").

   B.     **Hunting License Issuance**

In his second claim, Vesey argues that the State of Minnesota could or should not have issued a hunting license to him unless Vesey was legally allowed to possess a firearm. The existence of a valid hunting license does not preclude a conviction for being a felon in possession of a firearm. *See United States v. Waggoner*, 103 F.3d 724, 726 (8th Cir. 1997) (upholding defendant's conviction for violation of Section 922(g) despite defendant possessing a valid hunting license and noting that "a felon may not lawfully possess firearms for hunting or collection"); *United States v. Etheridge*, 932 F.2d 318, 322 (4th Cir. 1991) ("The application for and obtaining of a [state] hunting license . . . does not restore the right of a convicted felon to possess a firearm."). Therefore, whether Vesey possessed a valid hunting license is irrelevant to his federal conviction for being a felon in possession of a firearm. Vesey admitted that he had previously been convicted of three felony offenses and that he possessed firearms that had been transported in interstate commerce. These facts are sufficient to sustain a conviction under Section 922(g), despite the State of Minnesota issuing Vesey a hunting license.

**III.   EVIDENTIARY HEARING AND CERTIFICATE OF APPEALABILITY**

The Court will not hold an evidentiary hearing on this matter because the Court finds that, accepting Vesey's allegations as true, "the motion and the files and records of the case conclusively show that [Vesey] is entitled to no relief." 28 U.S.C. § 2255(b); *see*

*also Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012) ("A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief.").

A court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-82 (8th Cir. 1994). The Court finds no reason to believe that reasonable jurists would find the rejection of Vesey's claims to be debatable or incorrect, and therefore declines to grant a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Section 2255 Motion to Vacate [Docket No. 41] is **DENIED**.

2. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 3, 2013  
at Minneapolis, Minnesota.

s/ John R. Tunheim  
JOHN R. TUNHEIM  
United States District Judge